[No. 1456.]

## Miller v. Claflin et al.

Practice—Change of Venue.

Parties may agree to the transfer of a cause to another county, but in the absence of such agreement a party wishing a change of venue must apply to the court by verified petition, and reasonable notice of the application must be given to the adverse party. An order changing the venue of a cause without such agreement and without such petition and notice was void and the court to whom the change was made acquired no jurisdiction and a judgment entered in the cause by such court was a nullity.

*Appeal from the District Court of Conejos County.*

Mr. Lucius W. Hoyt, for appellant.

Mr. H. J. Hersey, for appellees Fink and Blanchet.

Thomson, P. J.

On the 19th day of October, 1895, Henry Miller commenced his action in the district court of Costilla county, against the defendants, for the foreclosure of a trust deed, executed by John Claflin to Henry J. Aldrich, as trustee, to secure the payment to the Colorado Securities Company of his promis-

sory note for $800, dated February 25, 1890, and due February 1, 1895, with interest, which note, before its maturity, had been transferred and indorsed to the plaintiff. The foreclosure was resisted on the ground that on the 19th day of February, 1894, Aldrich had released and quitclaimed to Claflin the land described in the trust deed, and so canceled and discharged that deed, and that certain of the defendants, on the faith of the release, had become interested in the land. The plaintiff averred that the release was executed without his authority, knowledge or consent.

After the case was at issue, the judge of that court happening to be in Denver, the plaintiff's attorney, Mr. Hoyt, and an attorney of two of the defendants, Mr. Hersey, called upon him with a view to an arrangement whereby the cause might be tried at an early date. The conclusion reached was that the attorneys present should endeavor to secure the consent of the other attorneys interested, to a trial on the 11th day of May, 1896, at Conejos; and, failing in that, to a trial at some other point in the following month. Some effort seems to have been made, by means of letters, to come to an agreement with the other attorneys, who resided in the southern part of the state, respecting the place and time of trial, but without satisfactory result. On the 30th day of April, 1896, the following order was made and entered by the court in which the cause was pending: "This day come the parties hereto by their attorneys respectively and thereupon by agreement of counsel stated in open court, it is ordered by the court, that the venue in this cause be changed to the district court sitting in and for the county of Conejos, and that the clerk of this court make a transcript of the proceedings herein, and certify the same to said district court of Conejos county." The attorney of the plaintiff was not in court, made no agreement concerning a transfer of the cause, and had no knowledge of the order changing the venue until the 18th day of September, 1896, when he was notified that the order had been made and that the case was set down for trial on the 28th day of September, 1896. The plaintiff's attorney, being

of the opinion that it was impossible for him to prepare for trial in so short a space of time, endeavored, by corresponding with the opposing counsel, to secure such postponement as would enable him to make the necessary preparation, but without success.   The cause was heard in his absence on the set day, and judgment rendered against his client.   He moved within the proper time to vacate the judgment,—supporting the motion by his own affidavit, in which the foregoing facts were made to appear, but the court denied him relief.   It, however, upon his motion, corrected the record entry changing the venue, so as to show that the venue was changed without his consent.   It is proper to say that the order changing the venue was made, and the final judgment rendered, without the concurrence of Mr. Hersey.

Even if the district court of Conejos county had acquired jurisdiction of the action, upon the showing made for the plaintiff it was its duty to vacate the judgment.   No judgment obtained as this one was, should be suffered to stand a moment after the court is advised of the facts concerning its procurement.   But in assuming to change the venue from the county in which the suit was brought, the court acted entirely outside of any authority which it possessed.   Parties may agree to the transfer of a cause, but in the absence of any agreement, the party desiring the change must apply to the court by verified petition, and reasonable notice of the application must be given to the adverse party.   Here there was no consent and no petition.   The district court of Conejos county acquired no jurisdiction of the action, and the judgment it assumed to render was an absolute nullity.   The judgment is reversed, and the cause remanded, with instructions to the district court in Conejos county to vacate all its orders made in the cause, and return the record to the district court in Costilla county.

*Reversed.*