DON THORNBURG, Petitioner, v. J. E. MERSHON, Judge Municipal Court, Respondent.

No. 41987.

JUNE 20, 1933.

Ray P. Scott, for petitioner.

A. J. Myers, for respondent.

STEVENS, J.—In October, 1931, the Educational Films, Inc., of Iowa commenced an action in the municipal court of the city of Des Moines against Don Thornburg. It appears from the return filed herein that the defendant in that action, on November 14, 1931, filed a motion for a change of the place of trial upon the ground that he was a resident of Marshall county. On November 17 following, a resistance to said motion was filed by the plaintiff. On December 3, 1931, the motion was overruled. Subsequently, and on February 25, 1932, the defendant filed an application asking that the ruling on the motion for change of the place of trial be set aside and that the motion be sustained. This motion was likewise overruled. On March 2, 1932, the defendant filed an amendment to his motion for change of place of trial. The amendment, however, presented only a claim for expense and attorney fees. Thereupon a demurrer to the petition was filed and later an amendment thereto. On June 20, 1932, the defendant Thornburg filed answer. The cause was reached for trial on August 23, 1932, on which date the defendant again moved to have the cause transferred to Marshall county for trial. The motion was overruled, and the trial proceeded to conclusion and judgment.

A petition for a writ of certiorari was presented to one of the judges of this court on March 10, 1932, and writ granted. Whether or not the instrument in suit provided in terms that action thereon might be brought in Polk county is not now material. More than twelve months elapsed after the order overruling the original motion for change of the place of. trial and the filing of the petition for a writ in this court.

It is provided by section 12467 of the Code that:

"No writ shall be granted after twelve months from the time it is alleged the inferior court, tribunal, board, or officer exceeded its or his jurisdiction, or otherwise acted illegally."

A writ directed to the order overruling the original motion could not properly be issued after the time specified in the statute. Holcomb v. Franklin, 212 Iowa 1159, 235 N. W. 474.

As we interpret the petition filed in this court for a writ, the petitioner does not seek to challenge the ruling on the original motion. The action is directed rather to the ruling of the court on August 23, 1932. It is also provided by statute, section 11053 of the Code of 1931, that:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

It will be observed from the foregoing statement that the motion now being considered was filed after answer. This the statute clearly does not permit. Burke v. Dunlap, 185 Iowa 949, 171 N. W. 293; Kosman v. Thompson, 204 Iowa 1255, 215 N. W. 261. Authority to prosecute an action commenced in the wrong county to judgment, in the absence of a motion for a change of place of trial, is specifically conferred by the statute quoted above. If the defendant desired to have the cause transferred to the county of his residence for trial, he was bound to file a motion for that purpose. Goldsmith v. Willson, 67 Iowa 662, 25 N. W. 870; Marquardt & Sons v. Thompson, 78 Iowa 158, 42 N. W. 634. Such motion must be filed before answer. The case here presented is not one where the motion was filed before answer and overruled. In such case, the defendant does not by answer waive error in the ruling. Marquardt & Sons v. Thompson, supra. In this case, the error of the court, if any, in overruling the original motion, was committed more than twelve months before the petition for a writ of certiorari was filed in this court, and if, upon any theory, the subsequent filing of a second motion for a change of place of trial, after the first has been overruled, is permitted, it cannot, in any event, properly be filed after the answer. The procedure is wholly statutory, and the statute must be followed.

It therefore follows that the writ is not available to petitioner in this case. It must therefore be annulled.—Writ annulled.

KINDIG, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.