C. C. MANSFIELD, Petitioner, v. MUNICIPAL COURT OF MARSHALL-TOWN and L. R. SHEETS, Judge, Defendants.

No. 43380.

SEPTEMBER 22, 1936.

Boardman & Cartwright and Harry Druker, for petitioner.

F. E. Northup and R. G. Northup, for defendants.

PARSONS, C. J.—The petitioner, C. C. Mansfield, as plaintiff, commenced an action in the Municipal Court of Marshall County, Iowa, over an automobile accident, by filing a petition on the 10th day of June, 1935, naming John Gruetznauker and Mrs. John Gruetznauker defendants. The defendants were husband and wife. Each filed an appearance in the cause July 13, 1935. John Gruetznauker filed a special appearance denying the jurisdiction of the court. He also filed a demand for change of venue, setting forth that both defendants were residents of Dubuque county. On July .20, 1935,. the wife filed an answer setting forth a defense to plaintiff's claim.

On the 12th day of September, 1935, the said Municipal court, by L. R. Sheets, Judge, entered an order, finding that the defendant, John Gruetznauker, at the time of the commencement of the action was a resident of Dubuque county; that the action was brought in the wrong county; and ordered that the motion for change of place of trial be sustained, and the case be transferred to Dubuque county; and further provided that in the event the papers in said cause were not filed by the plaintiff in the district court of Dubuque county, Iowa, ten days before the

next term thereof, then and in that event the action would stand dismissed. On the 24th of October, 1935, the court entered the following

. "DISMISSAL

"Now, to-wit: This 2nd day of October, A. D. 1935, the above entitled matter coming on to be heard before the Court and the Court having read the pleadings and being fully advised in the premises and having found that an application was heretofore made to this Court for a change of place of trial and that subsequent thereto an Order was entered ordering the Plaintiff to pay into this Court the sum of $15.00 plus accrued costs, and further that if such payment was not made on or before the 10th day of October, 1935, Term of the District Court in and for Dubuque County, Iowa, that this action would be dismissed.

"The Court further FINDS that the said payment has not been made and that the orders of this Court heretofore existing have not been abided by.

"WHEREFORE, it is ORDERED, ADJUDGED and DECREED that this action is dismissed and that judgment shall issue against the Plaintiff for all costs in this action."

Mrs. Gruetznauker never filed, or joined in the filing, of a motion for change of place of trial, and never asked that the cause be transferred as to her, and never asked for a dismissal of the cause.

On the 10th of October, 1935, plaintiff filed a motion for re-instatement of the cause, as against the defendant Mrs. Gruetznauker, setting forth that she had filed a general appearance in said cause, had later filed an answer to said petition, and that therefore the court had jurisdiction as to said cause against said defendant.

On the 18th day of October, 1935, said Court overruled the motion for reinstatement of cause. And subsequent thereto, the petitioner filed in this court his petition for Writ of Certiorari, which was issued and served upon the defendants, and the return has been made upon said Writ into this Court.

The motion for reinstatement of cause filed October 10th called the attention of the court to the fact that John Gruetznauker is the only one who applied for change of venue; that at the time of his application Mrs. Gruetznauker had already filed

her answer to plaintiff's petition; and that without any notice whatsoever to plaintiff's attorneys, the attorneys for defendants presented to the court an order dismissing the entire cause for alleged failure of plaintiff to comply with the prior order changing place of trial; and the court did on said date, enter said order dismissing plaintiff's entire cause of action as against both defendants; that plaintiff's attorneys had no notice whatsoever of the signing of said order until October 8, 1935, when they acquired notice of said order by casual conversation with one of the attorneys for the defendant; that entry of said order of dismissal was accomplished in an irregular manner, without an opportunity for contest, and should be set aside, and asked that the cause be reinstated and that trial proceed.

The question presented in this cause is only as to Mrs. John Gruetznauker, as to whether or not, after she filed an answer, the court had the right to enter change of venue as to her, she having made no application; and as to whether or not, when this matter was called to the attention of the court on motion to reinstate the cause, the court should have sustained the motion. The proceedings for change of venue are purely statutory. The rule is found in chapter 495 of the code, being sections 11408 to 11425, inclusive. The theory of the court in overruling the motion to reinstate the cause must have been that the cause was not divisible; that is to say, that it could not be tried against John in Dubuque county, and against his wife in Marshall county. Sections 11420 and 11421 would indicate that the court was mistaken in this. The first of the two cited sections says that the clerk must forthwith transmit to the clerk of the proper court a transcript of the record and proceedings, with all the original papers, having first made out and filed in his office authenticated copies thereof. Section 11421 provides that if less than all of several plaintiffs or defendants take such change, the original papers shall not be so transmitted, but a copy thereof, and, as to those who take no change, the cause shall proceed as if none had been taken.

Mrs. Greutznauker took no change. She made no application for a change; she had filed her answer prior to the time that the change was asked by her husband. The filing of her answer was a waiver of the right to file a motion for change of venue.

Section 11053 provides that when an action is brought in

the wrong county it may be prosecuted to a termination, unless defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county.

Thornburg v. Mershon, 216 Iowa 455, 249 N. W. 202, distinctly says:

"It will be observed from the foregoing statement, that the motion now being considered was filed after answer. This the statute does not permit." Citing Burke v. Dunlap, 185 Iowa 949, 171 N. W. 293; Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261.

The court further says:

"Authority to prosecute an action commenced in the wrong county to judgment, in the absence of a motion for a change of place of trial, is specifically conferred by the statute."

It appears from the record in this case that the plaintiff herein has been diligent in asserting his rights; that he had his case set for trial in Marshall county; that he filed a proper motion to set aside the ruling of the court in ordering change of venue after Mrs. Gruetznauker had filed an answer, and upon the application of her husband only, and that the Municipal court had no right to overrule said motion; and the cause should have remained for trial in that county as to Mrs. Gruetznauker.

It is our conclusion that the action of the Municipal court in denying the right of the plaintiff to proceed with his trial as against Mrs. Gruetznauker was wrong, and that the cause should be reinstated in the Municipal court as against the defendant Mrs. Gruetznauker, and following these views it is ordered that the Writ be and is hereby sustained.

ALBERT, KINTZINGER, STIGER, HAMILTON, MITCHELL, and DONEGAN, JJ., concur.