**Petition of MUNDORFF.**

District Court, D. Oregon.
March 8, 1948.

Henry L. Hess, U. S. Atty., and Edward B. Twining, Asst. U. S. Atty., both of Portland, Ore., for the United States.

JAMES ALGER FEE, District Judge.

The Honorable Lowell Mundorff, Clerk of this Court, has asked for instructions[0] as to what response shall be made to a praecipe which requests that he transmit to the Eastern District of Oklahoma the original papers in a criminal case or certified copies thereof in accordance with Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. The United States Attorney has likewise filed a motion that the Court direct the Clerk to transmit the papers to the Eastern District of Oklahoma. The petition of the Clerk suggests that the rule is unconstitutional, but before that point be reached, care must be taken to see that all procedural conditions precedent have been observed, for procedure is the shield of the substantive rights of defendants in criminal cases. The mere fact that a defendant has appeared to waive his constitutional rights may be illusory.

Rule 20 provides that "upon receipt of the defendant's statement" the Clerk shall transmit the papers to the district where the defendant was arrested.

The petition of the Clerk shows that attached to the praecipe there is a statement signed. But there is no proof that Henry Clay Green, the person named in the indictment, was the person who wrote the name upon the statement in the possession of the Clerk. The Clerk is under no duty until that is established. The statement is signed with the name "Henry C. Green." This name does not correspond with the name in the indictment returned in this court. There is no way in which the Clerk can know whether the person signing the statement was the same person who is defendant in the criminal action pending here. The Clerk cannot take judicial notice of his signature.[1] If a defendant comes into court here, his identity can be either admitted by him or proven. But the Clerk of the District of Oregon cannot know that some one is not masquerading as a defendant in order to save the real culprit. So far as the Clerk can ascertain, this may be the reenactment of "A Tale of Two Cities" in real life. It is true the chances are overwhelmingly against it, but if the Clerk is to do an act which may transfer jurisdiction of an indictment returned and pending in this court, the jurisdictional facts must be before him before he can act under the rule.

But the rule makes another more stringent requirement to the effect the Clerk shall transmit the papers "to the Clerk of the court for the district in which the defendant is held." There is no scintilla of proof before the Clerk as to where defendant is held or whether he is held at all. But beyond that a defendant, if the rule is valid, can only "consent to disposition of the case in the district in which he was arrested." There is neither proof in any form before the Clerk that the defendant in the indictment here pending has been arrested in the Eastern District of Oklahoma, nor that defendant is held in the district in which he was arrested. If this requirement is jurisdictional, these defects are fatal. If the rule relates only to venue, still the consent must be framed to accomplish the transfer only to the district contemplated by the rule. Therefore, the Clerk must be assured upon these points before he acts.

Furthermore, the Clerk of the United States District Court for the District of Oregon can not take notice of the name which he certifies to be illegible written above the words "United States Attorney Eastern District of Oklahoma." A District Court of the United States is not required to take judicial notice of what persons are the officers of another district court of the United States, even if these be in the same circuit. Much less is this court required to take judicial notice of the signatures of the United States

---

[0] A copy of the petition of the Clerk is appended hereto.

[1] Since an admission of guilt is involved, not only the rules of judicial notice but those relating to confessions might be applicable. Wigmore Evid. (Third Ed.), Sec. 821, 822.

Attorneys of another federal judicial district. A fortiori, this court is not empowered to notice the signature of a United States Attorney of another circuit.

Before an order of this court can be used in another district court, the copy must be certified by the Clerk and the Judge must certify to the signature of the Clerk and the Clerk must certify to the signature of the Judge before the copy is entitled to admission in any other district court of the United States. A copy of the traditional form is set in the margin.[2]

■ The rule apparently contemplates the transfer of jurisdiction from the District Court of the District of Oregon, where the indictment was found to an entirely independent tribunal, the District Court of the Eastern District of Oklahoma. When contemplating an attempted transfer of a criminal case from a state court to a federal court, it has been held by high authority[3] that all of the prerequisites outlined by the statute must be performed before jurisdiction is withdrawn. But, as has been pointed out before, jurisdiction cannot be transferred by force of a rule alone. Then, say the proponents, since the rule makes provision of transfer of the case, venue alone is involved. Even if this thesis be correct, all of the conditions precedent must be complied with before the venue is changed.[4] It would be futile then to send the papers until the requirements of the rule have been fulfilled.

■ In view of the record, this Court is not presently in a position to direct the Clerk hereof to certify copies of the papers in the criminal case under Rule 20. If it be desired that certified copies be sent without regard to the rule, the Court need not direct the Clerk to comply with such a request.

The motion and petition will be held under consideration until the United States Attorney of this Court advises what course of proceeding he desires to take in view of this opinion.

---

[2] United States of America \ ss: District of Oregon. /

I, Lowell Mundorff, Clerk of the United States District Court for the District of Oregon, do hereby certify that the foregoing copy of ———— has been compared by me with the original thereof, and that it is a correct transcript therefrom, and of the whole of such original, as the same appears of record and on file at my office and in my custody.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, at Portland, in said District, this ———— day of ————
(Seal)                          Clerk.

United States of America \ ss: District of Oregon. /

I, ———— Judge of the District Court of the United States for the District of Oregon, do hereby certify that Lowell Mundorff, who signed the foregoing certificate, is the Clerk of the said District Court of the United States for the District of Oregon, and was such clerk at the time of making and subscribing the said certificate, duly appointed and sworn, and that full faith and credit are due to his official acts. I further certify that the seal affixed to the said certificate is the seal of the said District Court, and that the attestation of said Clerk is in due form of law, and by the proper officer.

In testimony whereof, I hereto subscribe my name, at Portland, in said District, this ———— day of ————
United States District Judge
For the District of Oregon.

United States of America \ ss: District of Oregon. /

I, Lowell Mundorff, Clerk of the District Court of the United States within and for the District of Oregon, do hereby certify that ———— whose name is subscribed to the foregoing certificate, was at the time of subscribing the same, Judge of the District Court of the United States for the District of Oregon, duly commissioned and qualified. And I further certify that I am well acquainted with the handwriting of the said ———— and that the signature to the foregoing certificate is the genuine signature of said ———— United States District Judge aforesaid.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, at Portland, in said District, this ———— day of ————
(Seal)                          Clerk

[3] People of State of California v. Lamson, 9 Cir., 80 F.2d 388.

[4] Best v. Parkes, 82 Or. 171, 161 P. 255; Thornburg v. Mershon, 216 Iowa 455, 249 N.W. 202; Miller v. Claflin, 12 Colo.App. 192, 55 P. 201.