## UNITED STATES v. COLES.
### No. C–16563.

United States District Court
D. Oregon.
Dec. 31, 1949.

Henry L. Hess, U. S. Attorney, Victor E. Harr, Assistant U. S. Attorney, Portland, Or., for plaintiff.

James F. Alexander, Portland, Or., for defendant.

**JAMES ALGER FEE, Chief Judge.**

The defendant was charged by information in this Court for illegally wearing the uniform of the United States Army. He was represented by competent counsel. He pleaded guilty and was placed on probation by the Court, after the imposition of a sentence of six months, and fine of $500.-00. The period of probation was three years. During this time Court issued a warrant for his arrest for alleged violation of probation, upon the showing that defendant had been convicted of a felony.

The present petition of defendant is for immediate ·trial upon the charge of violation of probation. The petition further sets up that defendant is confined in the federal penitentiary at McNeil's Island, Washington. This petition for immediate trial was placed upon the docket for hearing. The Court notified Mr. James F. Alexander, who represented defendant at the former hearing. Defendant was not present. Counsel ably discussed the matter with the Assistant United States Attorney before the Court. The matter was then taken under advisement.

■ There is no ground for trial of this charge of violation of parole, immediate or otherwise. Defendant has already been convicted before this Court. He is now charged only with a violation of the terms of the order of probation. The Court is empowered by statute to hold a summary hearing as to such an alleged violation, when the defendant can be brought before the Court. If the evidence shows this order has been violated, the Court is empowered to impose appropriate sentence. But the Court might be convinced at that time, even if violation were proven, that defendant should be released. His conduct and an established desire to reform might well weigh with the Court. This is the very purpose of probation. The Court will not issue a writ of habeas corpus ad prosequendum. Defendant has no legal standing to demand such a course because the guaranties of the Sixth Amendment are here not applicable. It has recently been laid down that the Court is powerless to direct habeas corpus to a person not within the territorial limits of the jurisdiction thereof.[1] But we need not determine that question here.

Furthermore, no petition to proceed forma pauperis has been granted in this case.

1. See the extremely interesting opinion of Judge Rodney in Phillips v. Hiatt, D.C., 83 F.Supp. 935, and cases cited, including Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898, and McAffee v. Clemmer,· D.C.Cir., 171 F.2d 131. Cf. United States v. Bink, D.C., 74 F.Supp. 603; In re Schwindt, D.C., 74 F.Supp. 618; Petition of Mundorff, D.C., 8 F.R.D. 7.