UNITED STATES v. 11 CASES, MORE OR LESS, IDO–PHENO–CHON et al.

Civ. A. No. 5145.

United States District Court
D. Oregon.

Aug. 31, 1950.

Henry L. Hess, U. S. Atty., and Floyd D. Hamilton, Asst. U. S. Atty., Portland, Or., for the Government.

Hart, Spencer, McCulloch, Rockwood & Davies, Portland, Or., for respondent and claimant.

JAMES ALGER FEE, Chief Judge.

A libel was commenced against certain goods shipped into this District from a point within the Southern District of 'California and found here. The charge is misbranding and adulteration. The goods were seized. Thereupon, claimant made a motion to transfer the cause to the Southern District of California or, if that be denied, to a district adjacent thereto.

■ The problem raised by the motion is assumed to be of easy solution. For a District Court burdened with work, any move to remove a cause elsewhere is to be welcomed as a relief of some of the burden. But there is always the serious question of power. Simply because the final problem is one of place of trial, it is generally believed only venue is involved. But actually there is a transfer of jurisdiction. This Court, by virtue of the filing of the libel, now has jurisdiction of the proceeding. By the seizure, this Court has jurisdiction of the res.

■ The District Courts of the United States were not created as units of one vast continental judicial system. Each has been organized by special statute as a court of the judicial system of the state in which it exercises power. A District Court is a separate entity. No District Court has jurisdiction crossing a state boundary. By virtue of these limitations, the transfer of any cause from one district to another is a question of power. No District Court has such inherent authority. There must be an express statutory grant [1] as a condition precedent to the initiation of the transfer Furthermore, every essential factor must be present or the District Court to which the papers are sent will not acquire jurisdiction.[2] Unquestionably, these difficulties become manifold when a res is within the possession of the court where the libel is filed.

The question of whether a res once under the jurisdiction of one District Court can be validly transferred to another is, of course, fundamental. It strikes at the proposition that local suits, such as mortgage foreclosure and real actions, can be tried

1. Brown v. Heinen, D.C., 61 F.Supp. 563, 564.

2. Petition of Mundorff, D.C., 8 F.R.D. 7, 9.

only in the courts of the state where the real property is situate.[3] If this barrier is swept away for mere convenience of some California corporation, local autonomy will end. This will no longer be an indivisible union of indivisible states.

However this may be, the existence of the power of transfer is jurisdictional and may only be exercised in strict accordance with the statutory grant.

Title 21 U.S.C.A. § 334(a) gives the power to transfer a single libel action where the charge is misbranding. But the charge here is adulteration and misbranding. There is no authority here for transfer.[4]

Title 28 U.S.C.A. § 1404(a) gives power to transfer any civil action to any district where it might have been brought. This action could only have been brought in Oregon, because here alone was the res "found." Title 21 U.S.C.A. § 334(a); Title 28 U.S.C.A. § 1395(d), New Judicial Code.

Title 28 U.S.C.A. § 1404(b) provides for transfer of an in rem proceeding from one division of the same district to another division. This is, of course, permissible because the same District Court retains jurisdiction of the res. The provision would be of doubtful validity otherwise. But the language does not permit transfer of a res in judicial custody of one District Court to another, as is sought here.[5]

Since no statutory provision exists, this Court is without power to initiate the transfer. No other District Court has jurisdiction to hear the cause if transfer issue.

The motion is denied.

---

3. In such cases, the want of jurisdiction of the subject matter cannot be waived by appearance or consent. Thus in Ellenwood v. Marietta Chair Co., 158 U. S. 105, 15 S.Ct. 771, 772, 39 L.Ed. 913, the Court say: "The entire cause of action was local. The land alleged to have been trespassed upon being in West Virginia, the action could not be maintained in Ohio. The circuit court of the United States, sitting in Ohio, had no jurisdiction of the cause of action, and

for this reason, if for no other, rightly ordered the case to be stricken from its docket, although no question of jurisdiction had been made by demurrer or plea."

4. United States v. 74 Cases, Each Containing 48 Cans of C. C. Brand Oysters, D.C., 55 F.Supp. 745, 746.

5. United States v. 23 Gross Jars, More or Less, of Enca Cream, D.C., 86 F. Supp. 824, 825.