**SHAPIRO v. BONANZA HOTEL CO., Inc.**

No. 12613.

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1950.

Before STEPHENS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

Sam Shapiro, appellant and plaintiff below, has appealed from an order denying his motion for a change of venue from the District Court for the District of Nevada to the District Court for the Southern District of California. The requested change of venue (on the basis of convenience of witnesses) was made under Section 1404(a) of 28 U.S.C.A. Bonanza Hotel Company, a Nevada corporation, appellee and defendant below, moves in this court to dismiss the appeal now pending in this court on the ground that it is not an appealable order.

Section 1292, 28 U.S.C.A. provides that the court of appeals shall have jurisdiction of appeals from certain interlocutory orders not here material. Section 1291 provides that the court of appeals shall have jurisdiction of appeals "from all final decisions".

We are of the opinion that the order appealed from is interlocutory and not appealable. In all the cases we have been able to find in which this problem was considered the court has held that an order transferring or denying transfer on the basis of forum non conveniens was not an appealable order.[1]

In Jiffy Lubricator Co. v. Stewart, Warner Corp., 4 Cir., 177 F.2d 360, the district court in Virginia entered an order transferring a civil action to a district court of Illinois in the interest of justice and for the convenience of parties and witnesses. Plaintiff, Jiffy Lubricator Co., was a North Dakota corporation and defendant, Stewart Warner, was a Virginia corporation but maintained its office and principal place of business in the Illinois federal district to which the case was transferred for trial. No abuse of discretion was indicated in the record. Plaintiff appealed from the order of transfer and in the court of appeals de-

Bernbaum & Freeman, Los Angeles, Cal., for appellant.

Clarence Sundean, Las Vegas, Nev., Harold J. Hunter, C. R. Liljestrom, Rodney F. Williams and Fred J. Keefe, all of Los Angeles, Cal., for appellee.

1. Jiffy Lubricator Co. v. Stewart Warner Corp., 4 Cir., 177 F.2d 360; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866; Ford Motor Co. et al. v. Ryan, 2 Cir., 182 F.2d 329.

The first two cases cited were appeals from an order transferring venue. The Ford Motor Co. case involved an order denying transfer.

fendant, Stewart Warner, moved to dismiss the appeal. This motion was granted and the appeal dismissed on the ground that the order appealed from was not a final order. The court said, 177 F.2d at page 362: "Counsel for plaintiff rely upon decisions permitting appeals from dismissals in application of the principle of forum non conveniens; but these decisions are not in point. A dismissal in application of that or any other principle puts an end to the action and hence is final and appealable. An order transferring it to another district does not end but preserves it as against the running of the statute of limitations and for all other purposes."

Appellant here contends that the order before us is appealable under the rule of Cohen v. Beneficial Industrial Corp., 337 U.S. 541, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528. But the Cohen case, while its language is very broad, is distinguishable on its facts. The right there asserted was in the language of the Supreme Court "separable from, and collateral to [the cause of] action."[2] Therefore, the appeal is dismissed.

■ However, we feel that under the particular facts of this case, and the matter being only one of form, we may properly treat this appeal as though it were a petition for a writ of mandamus.[3] This court has power to issue the writ in aid of its appellate jurisdiction.[4] While it is true that the writ is an extraordinary remedy to be applied with caution we are of the opinion that sufficient grounds exist here to issue the writ if it clearly appears that the district court was in error. Appellant has made a strong showing for a change of venue under the doctrine of forum non conveniens and has raised an important question of law in regard to the circumstances under which the statutory embodiment of that doctrine may be invoked.

The complaint indicates, and it is admitted by the answer, that at all times pertinent to this inquiry, appellant, Shapiro, was a resident of the State of California and appellee, Bonanza Hotel Co., a Nevada corporation, was a citizen of the State of Nevada. In Shapiro's motion for a change of venue there is no allegation that appellee (defendant corporation) is a resident of the State of California. In the hearing on the motion before the trial court appellant did remark that appellee was doing business in California by soliciting patrons in that State. But this bare statement is insufficient, and in our opinion the record must be taken to show that the appellee is not doing business in California.

■ From an examination of the record it appears that there is confusion as to the meaning of the terms venue and jurisdiction as they affect this action, and we deem it important to set out the essential elements for the trial of this case in a particular district. It appears to be clear that any district court would have jurisdiction over the subject matter of the suit.[5] By virtue of 28 U.S.C.A. § 1391(a) *either* the district court in Nevada or the district court for the Southern District of California is the proper venue. There remains, however, the requirement of *jurisdiction* over the defendant which must be acquired by proper service of the process on him or it. Rule 4(f) Rules of Civil Procedure, 28 U.S.C.A. provides:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held *and, when a statute of the United States so provides,* beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45." (Emphasis supplied.)

It is apparent that under Rule 4(f) a defendant corporation residing in Nevada would not be subject to service of process issued out of the district court for the Southern District of California when service was made upon such corporation in

---

2. Ford Motor Co. et al. v. Ryan, 2 Cir., 182 F.2d 329, cited supra Note 1.

3. Ford Motor Co. et al. v. Ryan; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., both cited supra Note 1.

4. 28 U.S.C.A. § 1651(a).

5. 28 U.S.C.A. § 1332, a civil action involving a controversy in excess of $3,000 and involving citizens of different states.

Nevada.[6] Therefore, the narrow question for us to decide is whether Congress, by enacting Sec. 1404(a) of Title 28 (infra), thereby provided the means, in a proper case, of by-passing this Rule 4(f) requirement of jurisdiction over the defendant by allowing the plaintiff to *begin* his action in a Nevada district, wherein the defendant may properly be served and then, by applying for a transfer under Sec. 1404(a), have the case transferred to a California district wherein the defendant corporation is not amenable to process.

Section 1391 of Title 28 provides in part as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Section 1404(a) 28 U.S.C.A. provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is the contention of Shapiro, as we understand it, that the action in the instant case could have been "brought" in a district court in the State of California; and that, while appellee would have had a technical right to object to service of process upon it in Nevada because it was a citizen of Nevada, this right is only a privilege that it could waive or take advantage of. Having brought the suit in Nevada (where proper service could be had on the Bonanza corporation) Shapiro contends that he may

thereafter, under Sec. 1404(a), have the action transferred for trial to the Southern District of California. We cannot accede to this view. The decisive factor here is the meaning of the word "brought" in Sec. 1404(a). Does it mean the mere *filing* of an action as contended by the plaintiff, or does it mean something more? The definition of the word "brought" set out by this court in Motoshaver v. Shick Dry Shaver, 9 Cir., 100 F.2d 236, is not helpful here. In that portion of the opinion where the definition appears the court was concerned with improper venue, a question which is not now before us.

Prior to the adoption of Sec. 1404(a) the Supreme Court[7] significantly stated that the doctrine of forum non conveniens "presupposes at least two forums in which the defendant is amenable to process". We are persuaded that Congress did not intend, by the use of the one word "brought," to change this rule. We adhere to the view that use of the word "brought" presupposes jurisdiction over the defendant which is to be obtained only by and through conformance with the requirements of Rule 4(f).

In Robertson v. Railroad Labor Retirement Board, 268 U.S. 619, at page 623, 45 S.Ct. 621, at page 623, 69 L.Ed. 1119 the Supreme Court said: "It is obvious that jurisdiction, in the sense of personal service within a district where suit has been brought, does not dispense with the necessity of proper venue. It is equally obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant."

The identical problem confronted the Second Circuit in Foster-Milburn Co. et al. v. Knight, 181 F.2d 949. In that case the petitioner sought a writ of mandamus to prevent the proposed transfer from the Western District of New York to the

---

6. We are not aware of any "statute of the United States" which has enlarged the area in which effective service may lawfully be made so as to include in such area states other than the state in which the Federal district court issuing the service happens to be sitting.

7. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 842, 91 L.Ed. 1055; see also Wilson v. Seas Shipping Co., Inc., D.C., 78 F.Supp. 464, wherein the court refused to transfer an action under the forum non conveniens doctrine made by the defendant where the defendant had not shown that he was amenable to process in that district.

Southern District of California under Sec. 1404(a). The court held that the proposed transfer could not be made saying 181 F.2d at page 952:

"It is horn book law that transitory actions must begin with personal service upon the defendant and that, when they do not, the judgment is a nullity. [Citing cases.] It is of course true that Congress might make the process of a district court run throughout the Union, as indeed it has done in suits by the United States under the Anti-Trust Acts. [Citing case.] But, unless otherwise specifically provided, the initial process in a transitory action has always been limited territorially; and Rule 4(f) now confines it to the boundaries of the state in which the action is pending. If, however, the plaintiff be right, § 1404 (a) has made it possible in 'diversity' cases for a plaintiff to dispense with service upon the defendant in the district where the case is to be tried; for by serving him in an action in the defendant's own district, the plaintiff may fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot."
and further "Considering that, this is contrary to the substantially uniform practice of Congress, and we ought to demand a plain expression of intent to so revolutionary a change. [Citing cases.] Not only is there no such expression, but analysis of the results of such an interpretation make it to the last degree improbable that this could have been the purpose."

At another point in the opinion the court said: "We cannot conceive that, had Congress meant so to extend the scope of process *in personam* as will follow upon the plaintiff's position, it would have selected the 'diversity' jurisdiction as the single exception, leaving claims founded upon federal rights—which surely must have been as important in the view of Congress —to be prosecuted only in the district of the defendant's residence."

We agree with the foregoing interpretation placed upon Section 1404(a) by the Second Circuit. The trial judge was not in error in refusing to transfer. Treating the appeal as a petition for mandamus it is ordered that the petition be denied.