James Albert JOHNSON, Petitioner,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.

Civ. A. No. 8431.

United States District Court
D. Colorado.

April 14, 1964.

John E. Bush, Asst. Atty. Gen., Denver, Colo., for respondent.

Larry M. Baker, Denver, Colo., for petitioner.

DOYLE, District Judge.

This matter is before the Court on a petition for a writ of habeas corpus. Since the petition considered alone showed good cause for issuance of the writ on the ground that petitioner's status as a parolee from the Colorado State Penitentiary was terminated solely in consequence of and in reliance on evidence which was obtained as a result of an allegedly unlawful search and seizure a show cause order was issued. The Attorney General of the State of Colorado has now filed a return showing cause why the writ should not be granted; and petitioner's Court-appointed counsel has traversed that return.

From the petition and the return it appears that petitioner is incarcerated in the Colorado State Penitentiary pursuant to a judgment of the District Court in and for the City and County of Denver. Petitioner entered a plea of guilty to a charge of aggravated robbery in Criminal Action No. 42597. A sentence of seven to fourteen years was imposed on December 28, 1955, and he was received by the penitentiary on December 30, 1955. He was first paroled on October 23, 1959, but parole was subsequently suspended and petitioner returned to the penitentiary on February 23, 1962. His suspension was lifted and he was returned to parole on March 5, 1962. On April 13, 1962, he was returned to the penitentiary pursuant to suspension and revocation of parole, but on the same date he was re-paroled with a parole period of 33 months and 26 days. Petitioner's parole was again suspended on October 23, 1963 and he was returned to the penitentiary on October 25, 1963. His parole was revoked on October 29, 1963, whereupon he was ordered to serve out his sentence for a minimum period of 33 months and 26 days.

In his petition Johnson asserts that the sole reason for the last suspension of parole was that a firearm allegedly belonging to him was discovered by the Denver Police at the dwelling place of a girl friend with whom petitioner was living. The search of the dwelling place was made with the permission of a babysitter who was in the apartment at the time; but the police apparently had no warrant. Since possession of a firearm constituted a violation of the terms of his parole, asserts Johnson, it follows that parole was revoked because he possessed the firearm; that the discovery was a result of an allegedly unlawful search and seizure.

The Return filed by the Attorney General points out that the basis for the revocation of parole was:

1) Change of place of residence without prior notification to his parole officer;

2) Association with an ex-convict; and

3) Possession of firearms and burglary tools

which were severally violations of the terms of Johnson's parole. The traverse neither denies that all of these violations of parole occurred nor that any one of them constitutes grounds for revocation of petitioner's parole. Even if it were assumed that the Denver police discovered that petitioner possessed a firearm as a result of an unlawful search and seizure, it does not follow that petitioner's parolee status was terminated solely in consequence of the evidence so adduced.

■■ There is another ground however, on which petitioner bases his contention that he is being held in custody unlawfully: He maintains that his sentence had expired on August 22, 1962, and that he had thus fully served his term. As grounds for seeking to invoke the jurisdiction of this Court petitioner alleged that no state remedy was available to him. We disagree with this. If there were any merit to petitioner's contention that he had fully served his term it would follow that the state remedy of habeas corpus would be open to him. But this contention is devoid of merit. In support of the argument that his term expired on August 22, 1962, petitioner argues that time spent on parole applies toward fulfillment of the sentence. The

statutory provision, C.R.S. '53, 39–18–2, clearly compels a contrary conclusion. It provides:

> "The paroled convict who upon the order of the state board of parole, may be returned to the penitentiary, shall be retained therein according to the terms of his original sentence and in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence."

▇▇▇▇ Thus, petitioner's case must rest on the propriety of the revocation. If it were clear that revocation of parole was predicated solely on evidence which had been adduced by an unlawful search and seizure we would face the question whether or not the constitutional prohibition against the use of unlawfully-seized evidence in a criminal prosecution against a citizen presumed innocent has any application to prohibit the use of such evidence by a parole authority in suspending or revoking the conditional release from incarceration which has been extended, purely as a matter of grace, to a convicted criminal whose sentence is yet unfulfilled. We do not, however, reach that question because it is clear that petitioner's parole could have been, and presumably was, revoked on other grounds which are totally unexceptionable and which raise no constitutional questions. A federal district court would have jurisdiction to issue a writ of habeas corpus in the instant case only if the action of the parole board in revoking petitioner's parole were cognizable as a violation of the Fourteenth Amendment with respect to each and every ground relied on by the parole board. They are not so cognizable. The grant of parole is a matter of legislative grace and the ultimate decision as to its grant or denial is entrusted to the State parole board. A writ of habeas corpus in the federal district court is not normally available to secure relief from its decisions. In re Smigelski's Petition, 185 F.Supp. 283 (D.N.J.1960); Ferchaw v. Tinsley, Civil Action No. 8482 (D.Colo.1964). The scope of discretion exercisable by a parole board, we note, is very great. A probationer or parolee can constitutionally have his conditional liberty revoked without notice or hearing. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); Bennett v. United States, 158 F.2d 412 (8th Cir. 1946), cert. denied, 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838 (1947); People of United States ex rel. Harris v. Ragen, 81 F.Supp. 608 (N.D.Ill.1948), affirmed 177 F.2d 303 (7th Cir. 1949). Where a hearing is granted on a charge of probation violation it has been held that such a hearing is not a criminal prosecution entitling the probationer to a speedy and public trial under the Sixth Amendment to the Constitution of the United States. United States v. Coles, 88 F.Supp. 150 (D.Ore.1949); United States v. Hollien, 105 F.Supp. 987 (W.D.Mich.1952). That such a hearing, when required by statute, is an informal and discretionary proceeding, and not a trial in any sense, appears from Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932) and Hiatt v. Compagna, 178 F.2d 42 (5th Cir. 1949), affirmed 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 656 (1950).

In the instant case, then, there is no merit to the contention that petitioner has served his term. With respect to the alleged denial of due process which might conceivably be found in the events which led to petitioner's re-incarceration it suffices to note that his parole was lawfully revoked on the basis of parole violations which were not related to the alleged unlawful search and seizure. That revocation, at least to the extent that it was based on parole violations other than possession of the firearm discovered by the Denver police, is tainted with no constitutional infirmity, and is not reviewable here on a petition for habeas corpus. For these reasons it is, therefore,

Ordered that the petition for writ of habeas corpus should be, and the same hereby is, denied.