## UNITED STATES v. 29 BOTTLES, MORE OR LESS OF OCEAN-LAX.

### No. 166.

District Court, E. D. Pennsylvania.

March 4, 1942.

318

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa. (Edward A. Kallick, Asst. U. S. Atty., of Philadelphia, Pa., of counsel), for libellant.

N. S. West, Gen. Counsel, of Baltimore, Md. (White & Staples and C. L. Cushmore, Jr., all of Philadelphia, Pa., of counsel), for claimant.

MOORE, District Judge.

This is a suit by the United States of America under the Federal Food, Drug & Cosmetic Act of June 25th, 1938, 21 U.S.C.A. § 301 et seq., to condemn twenty-nine bottles more or less of a product called "Ocean-Lax". The libel charges adulteration and misbranding. The articles were seized in the city of Philadelphia, in the Eastern District of Pennsylvania, in the hands of Thomas Martindale and Company, and are still in this District.

Motion has been filed by Mineralized Foods, Inc., claimant of the products seized, for an order to remove the case for trial to the District Court of the United States for the District of Maryland. The ground for the motion is that the claimant, Mineralized Foods, Inc., is a corporation having its principal place of business in the city of Baltimore, Maryland. The claimant relies upon the provisions of the act set out in Section 304(a), 21 U.S.C.A. § 334(a), of which the pertinent portion is as follows:

"In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

It is contended by the claimant that because its place of business is located in the District of Maryland and because the act provides that unless good cause to the contrary is shown by the Government it is entitled to have the Court specify a Court of "reasonable proximity" to its principal place of business as the place of trial, it therefore necessarily follows that a removal order should be entered, and that the District Court for the District of Maryland is the proper place to which the case should be removed. The Government contends on the other hand that a proper interpretation of the Act, particularly in view of its legislative history, does not permit the Court to remove the case to the district of claimant's residence; in other words that the term "reasonable proximity" must be held to exclude the claimant's own district.

I do not find it necessary to decide this point in passing upon the motion. The parties having failed to stipulate with reference to any district to which the case should be removed, the Court's duty is to specify a district of "reasonable proximity" *unless good cause to the contrary is shown.* I am of opinion that whenever it appears that the seizure has been made and the libel filed in a district which is itself of "reasonable proximity" to the claimant's principal place of business, that fact alone constitutes good cause against removal. The Eastern District of Pennsylvania is a district of "reasonable proximity" to the claimant's principal place of business. The District Court for that district sits in the city of Philadelphia which is approximately one hundred miles distant from claimant's principal place of business. It is

imposing no hardship upon the claimant in this instance to require the case to be tried in the district where the libel is filed. It appears that the seized products are situated in this district and were in the hands of a person other than claimant when seized; and it is further stated by the Government that many of the witnesses are in this district.

Claimant's motion will be denied. An order may be prepared and entered in accordance with this opinion.