### UNITED STATES v. 45⅔ DOZEN PACKAGES, MORE OR LESS, OF U–X IMPROVED SHAVING MEDIUM.

District Court, S. D. New York.

May 21, 1942.

Mathias F. Correa, U. S. Atty., of New York City (Joseph C. Kenney, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Mock & Blum, of New York City, for claimant.

GODDARD, District Judge.

The United States Attorney for the Southern District of New York moves for an order transferring this proceeding back to the United States District Court of Connecticut. It is urged in support of this motion that the case had been transferred from the United States District Court for the Western District of Pennsylvania to the United States District Court of Connecticut, and that under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334 (a), the Connecticut Court was without power to transfer the case a second time, or to transfer the case to a district where the claimant has his principal place of business.

Claimant contends that the order transferring the case to this court had been consented to by the United States Attorney for the District of Connecticut, and, accordingly, such transfer was permissible under the statute. I agree with this contention. The statute specifically provides that a proceeding "pending or instituted" shall on application of the claimant be removed to any district agreed upon by stipulation between the parties. The consent of the United States Attorney for the District of Connecticut was in effect a stipulation. Nowhere is it provided that by stipulation a proceeding may be transferred only once, and then only to a district where the claimant does not have his principal place of business.

Motion denied. Settle order on notice.