## UNITED STATES v. SIX DOZEN BOTTLES, MORE OR LESS, OF "DR. PETER'S KURIKO".

### Civ. A. No. 1495.

District Court, E. D. Wisconsin.

May 31, 1944.

Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., for plaintiff.

J. V. Quarles, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The claimant, an Illinois corporation with its principal place of business at Chicago, moves for an order transferring this proceeding to the United States District Court for the Northern District of Illinois, Eastern Division, asserting that trial in this district would cause it undue hardship, prevent it from making proper proof of its defenses, and cause great inconvenience to its witnesses, even ·preventing some of them, whose testimony would be material, from attending the trial.

This proceeding is under the Federal Food, Drug, and Cosmetic Act, 52 Stat. 1040, 21 U.S.C.A., § 301 et seq., and was commenced on December 10, 1943, in the United States District Court for the Western District of Washington, Northern Division. Claimant was allowed to intervene by that court, and on April 18, 1944, on claimant's motion, an order was entered transferring the proceeding to this court "for trial", the district thereof being "a District of reasonable proximity to the intervenor's (claimant's) principal place of business." As claimant had moved the district court in Washington that transfer be ordered "to the United States District Court for the Northern District of Illinois, Eastern Division, or to a United States District Court within reasonable proximity of Chicago, Illinois, the principal place of business of said intervener," its present motion constitutes a second attempt to secure transfer to the district court in Illinois.

In connection with the right to removals and the exercise thereof, Sec. 334(a) of the act provides: "* * * the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

Manifestly, claimant's application for removal to the district court in Illinois was not granted by the district court in Washington, because the same would not have been and is not authorized. In the absence of stipulation between the parties, the power of removal of the court of original jurisdiction is limited and restricted. Such court is required to order removal to "a district of reasonable proximity to the claimant's principal place of business." Accordingly, it would have been beyond the power of the district court in Washington to have removed this proceeding to the designated district court in Illinois.

The power of removal is exclusively conferred under the act upon the court of original jurisdiction, barring of course the existence of a stipulation of the parties on the subject. As the latter element does not obtain in the instant situation, this court has no power to grant the requested removal. In other words, the right to removal is completely exhausted and no longer exists in this proceeding.

Claimant contends, however, that this court may order the requested removal under Sec. 334(f) (2) of the act, which provides: "The court to which such case was removed shall have the powers and be subject to the duties, for purposes of such case, which the court from which removal was made would have had, or to which such court would have been subject, if such case had not been removed."

As pointed out, the proceeding was removed, pursuant to the statute, to this court "for trial" and not for any other purpose. The language of the act last quoted is con-

sistent with such limitation and expressly negatives any power in this court to grant further removal on application. A claimant in proceedings of this nature is limited to a single application for removal which must be made to the court of original jurisdiction. My conclusions have complete support in the legislative history of the controlling statutory provisions.

An order denying claimant's motion will be entered.