### UNITED STATES v. 600 UNITS CONTAINING "NUE–OVO," etc.

No. 2148.

District Court, W. D. Missouri, W. D.

March 23, 1945.

Maurice M. Milligan, U. S. Dist. Atty., and David A. Thompson, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for plaintiff.

Harry G. Hoy, of Portland, Or., and Frank H. Terrell, of Kansas City, Mo., for defendant.

REEVES, District Judge.

On the first day of March 1945 this court entered an order removing and transferring the above-entitled cause to the district court of the United States sitting at Portland, Oregon, for trial. This is the place where the intervenor's business is located. The order was made upon motion filed by the intervenor for removal and transfer of the libel proceeding pursuant to provisions of 21 U.S.C.A. § 334 (a). The language of the motion conforms to the statutory requirements, as follows: "In any case where the number of libel for condemnation proceedings is limited * * * the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States Attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

At the time the order was made the United States Attorney appeared with counsel for the intervenor or claimant and then insisted that the only order that could be properly made was one transferring and removing the case to the Western District of Washington, being a district of reasonable proximity to the claimant's principal place of business. The court was then of the opinion that the statute contemplated a place for holding court as near to the principal place of business of the claimant as practicable. Such a place of holding court was at Portland, Oregon. A hurried interpretation of the statute seemed to warrant the court in removing the case for trial to that point. The District Attorney did not agree to the order, and, as indicated, has subsequently filed a motion to vacate the order of removal. The parties have favored the court with briefs and suggestions in support of their respective contentions.

Congressional records showing the history of the legislation indicate that the Senate attempted to provide that a case of this kind might be removed and transferred to the district court in which claimant's principal place of business was located, while, on the other hand, the House of Representatives attempted to provide that the removal could be made only to a district court of a state contiguous to the state of claimant's principal place of business. Both the Senate and House receded from their several extreme positions. The Senate no longer contended that the transfer should be made to a state contiguous to that of the claimant's domicile. The compromise involved the use of the words "a district of reasonable proximity to the claimant's principal place of business." In order to give a proper meaning to the statute, in view of the concessions made by the two legislative bodies, a district of reasonable proximity would mean a district other than that of the domicile of the claimant, whether in the same state or a contiguous state. Oregon has but one district, whereas the State of Washington has two districts. The Western District of Washington, Southern Division, is a district of "reasonable proximity to the claimant's principal place of business."

1. A statement of the facts and the law, as above, suggests a proper interpretation of the statute and what order should be made in the case. This is not a case of first impression.

In the case of United States v. 6 Dozen Bottles, etc., D.C., 55 F.Supp. 458, 459, Judge Duffy of the District Court of the Eastern District of Wisconsin presided. It was a similar case. That case, however, had been transferred to his district from one of the district courts in the State of Washington. The claimant in that case had originally applied to one of the district judges in one of the districts of Wash-

ington to transfer the case to the Northern District of Illinois for the reason that the claimant's principal place of business was in Chicago. The District Judge declined to transfer the case to the Northern District of Illinois but did order its removal or transfer to the Eastern District of Wisconsin, being a district of reasonable proximity to the claimant's place of business. After the transfer to that district (of reasonable proximity) the claimant renewed its motion for a transfer to the Northern District of Illinois. While District Judge Duffy ruled that the claimant had exhausted his right of removal as accorded by statute, nevertheless he took occasion to say: "Manifestly, claimant's application for removal to the district court in Illinois was not granted by the district court in Washington, because the same would not have been and is not authorized. In the absence of stipulation between the parties, the power of removal of the court of original jurisdiction is limited and restricted. Such court is required to order removal to 'a district of reasonable proximity to the claimant's principal place of business.' Accordingly, it would have been beyond the power of the district court in Washington to have removed this proceeding to the designated district court in Illinois."

2. Moreover, in this case, the claimant apparently so interpreted the statute for the reason that, in its motion to transfer, it said:

"Intervenor further states that the United States District Court next closest to Intervenor's place of business is the District Court of the United States for the District of Washington, Western District, Southern Division, sitting at Tacoma, Washington, which said district court is approximately 150 miles from Portland, Oregon.

"Wherefore, Intervenor prays that said cause be transferred and removed from this Court to a district of reasonable proximity to Intervenor's principal place of business."

It will be observed that the intervenor does not ask that the case be transferred to the district in which the claimant's principal place of business is located.

In view of the above, the order of removal transferring the case for trial to the District Court of Oregon, sitting at Portland, should be amended so that the order of removal will be to the Western District of Washington, Southern Division, at Tacoma, Washington, and it will be so ordered.