UNITED STATES v. 23 GROSS JARS, MORE OR LESS, OF ENCA CREAM et al.

Civ. No. 26659.

United States District Court
N. D. Ohio, E. D.

Oct. 25, 1949.

Don C. Miller, District Attorney, Cleveland, Ohio, for plaintiff.

Edwin P. Griffiths, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Gottfried, Ginsberg & Guren, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

This is a libel brought under favor of 21 U.S.C.A. § 334, Federal Food, and Drug, and Cosmetic Act, for the condemnation of the product and advertising matter in the caption of this memorandum. Originally the action was commenced in the Western District of Pennsylvania. Morton Products, Inc., whose principal place of business is in this division, intervened as claimant of the goods and petitioned that Court to remove this action to this district. The Court allowed the motion and the action was transferred here. The Government objected at all times to the removal and now has filed a motion to remand the action to the court of original jurisdiction.

Apparently this action was removed to this district under favor of Section 1404, Title 28 U.S.C.A. If that section applies, the action was properly transferred and the Government's motion must be overruled.

The pertinent part of 1404(a) is as follows: " * * * A district court may transfer any civil action to my other district where it might have been brought."

It is true that under Supreme Court decisions this action would be covered by the phrase "any civil action", but, by the clear and unambiguous words of the statute, such civil action cannot be transferred to a district where the action could not originally have been started.

■ This libel having been brought under favor of 21 U.S.C.A. § 334, the articles may be condemned "in any district court of the United States within the jurisdiction of which the article is found". Since the articles were found in the Western District of Pennsylvania this action only could be commenced in that district. It could not, under Section 334, have been brought in this district. Since this is so and since Section 1404 (a) may only be used to transfer actions to districts where they could have been brought, it follows that section 1404(a) could not be used to transfer this action here.

■ It should also be noted that Section 1404(b) provides for transfer of in rem actions. However, the revisers' notes show that this section, 1404(b), was meant to apply only to removal of causes between divisions within districts and not to removal of actions between districts. Section 1404(b), therefore, can have no application to this action. .

■ Since Section 1404(a) does not apply, the special venue section of 21 U.S.C.A. does. This section allows removal in this type action to district courts "of reasonable proximity to the claimant's principal place of business." This phrase has been interpreted to exclude the district or division in which claimant's principal place of business is found. U. S. v. 600 Units Containing "Nue-Ovo", etc., D.C., 60 F. Supp. 144; U. S. v. Six Dozen Bottles More or Less of "Dr. Peter's Kuriko", D. C., 55 F.Supp. 458; U. S. v. 26 Dozen Bottles etc., of Wheatamin Brand, Cevigards, D.C., 60 F.Supp. 626. As this dis-

trict is the claimant's principal place of business, it follows that this action has been removed to a district which has not been given authority under Section 334 to try the action.

Claimant contends that even if this action is not properly here, that the Court cannot re-examine the order of the District Court of the Western District of Pennsylvania. The only case it cites, however, is one where the court, to which the action was removed over protest of defendant, had proper venue and jurisdiction to hear the action. In this cause, Section 334 does not permit this Court to hear the action. In U. S. v. 26 Dozen Bottles etc., of Wheatamin Brand Cevigards, D.C., 60 F.Supp. 626, the Court to which the action was improperly removed, remanded the action to the Court of original jurisdiction. There is adequate authority for remanding an action when it has been improperly transferred under 21 U.S.C.A. § 334.

This action will be remanded to the court of original jurisdiction.