UNITED STATES v. 91 PACKAGES, MORE OR LESS, NUTRILITE FOOD SUPPLEMENT, etc.
UNITED STATES v. 89 PACKAGES, MORE OR LESS, NUTRILITE FOOD SUPPLEMENT, etc., et al.

Civ. Nos. C 11705, 11878.

United States District Court D. New Jersey.

Oct. 30, 1950.

Alfred E. Modarelli, United States Attorney, Newark, N. J., for libelant, by Roger M. Yancey, Assistant United States Attorney, Newark, N. J.

Stryker, Tams, & Horner, Newark, N. J., for claimant, by Walter F. Waldau, Newark, N. J.

FAKE, Chief Judge.

The issues here arise on motions to consolidate and remove some ten libel actions instituted by the United States in divers jurisdictions about the country. They involve the same parties and substantially the same issues bearing on alleged violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq.

■ The above act expressly provides for the seizure of drugs in interstate commerce for violations of the act, the seizures to be made by libels as in admiralty. It further provides that when such libel proceedings are pending in two or more jurisdictions, a claimant may apply to the Court of one such jurisdiction for an order consolidating such proceedings for trial in one district, and in the words of the statute that district shall, in the absence of "good cause to the contrary" be "a district of reasonable proximity to the claimant's principal place of business".. The weight of authority is that "a district of reasonable proximity to the claimant's principal place of business" excludes the district of claimant's place of business. United States v. 29 Bottles, More or Less of Ocean-Lax, D.C., 44 F.Supp. 317; United States v. Six Dozen Bottles, More or Less of Dr. Peter's Kuriko, D.C., 55 F.Supp. 458; United States v. 600 Units Containing Neu-Ovo, D.C., 60 F.Supp. 144; United States v. 26 Dozen Bottles, etc., of Wheatamin Brand Cevigards, D.C., 60 F.Supp. 626.

■ I conclude that under this statute, the district of reasonable proximity for the trial of the actions considered here is the United States District Court for the Northern District of California, Southern Division.

Claimants argue that 28 U.S.C.A. § 1404(a) is applicable. That statute is directed toward Change of Venue and provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ There is no doubt but that the actions under consideration are civil actions, Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, but are they such actions as might have been brought in any other districts than those in which they were brought? The answer is, no, because they were brought as actions in rem, and as such could be commenced only where the res was found at the time. 28 U.S.C.A. § 1395(b). United States v. 11 Cases * * * Ido-Pheno-Chon, D.C., —— F.Supp. ——, opinion by Chief Judge Fee.

An order of consolidation will be entered for trials in the Northern District of California, Southern Division.