**UNITED STATES**

v.

**353 CASES, MORE OR LESS, MOUN-
TAIN VALLEY MINERAL
WATER.**

**No. 565.**

United States District Court
W. D. Arkansas, Hot Springs Division.
Dec. 11, 1953.

Charles W. Atkinson, U. S. Atty., Ft. Smith, Ark., for plaintiff.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., for defendant.

JOHN E. MILLER, District Judge.

This proceeding was filed in the United States District Court for the Western District of Tennessee on August 19, 1953, for seizure and condemnation of certain articles under and in accordance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. The articles sought to be seized and condemned were situated in the City of Memphis, within the territorial jurisdiction of the Federal Court for the Western District of Tennessee and were alleged to be misbranded. The libelant, inter alia, prayed "that all persons having any interest therein be cited to appear herein and answer the aforesaid premises; that this court decree the condemnation of the aforesaid article and grant libelant the costs of this proceeding against the claimant of the aforesaid article; that the aforesaid article be disposed of as this court may direct pursuant to the provisions of said Act; and that libelant have such other and further relief as the case may require."

After due and timely notice of the filing of the libel, the Mountain Valley Sales Company, a corporation organized and existing under the laws of the State of Arkansas and having its principal office in the City of Hot Springs, County of Garland, State of Arkansas, filed its claim in which it alleged that it "is the true and bona fide owner of and herein makes claim for the aforesaid 353 cases, more or less, each containing 6½-gallon bottles, and the 81 5-gallon carboys, more or less, of an article labeled in part 'Mountain Valley Mineral Water', which are the subject matter of the libel filed herein on August 19, 1953."

On the same date, the claimant filed its motion for removal and transfer and renewed its allegation that it is an Arkansas corporation, with its principal place of business in the City of Hot Springs in Garland County, Arkansas, "which is in the Western District of Arkansas."

The motion was based upon Section 304(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334(a). The prayer of the motion is that the court "immediately remove and transfer this case either to the Eastern District of Arkansas or to some other district which is within reasonable proximity of claimant's principal place of business and is contiguous to the district in which said place of business is located."

The motion was heard on October 16 and the court, in granting the motion, said:

"The law provides that the court shall, by order, unless good cause to the contrary shown, specify a district of reasonable proximity to the claimant's principal place of business, to which district the case shall be removed for trial."

The formal order of removal recites that the court "does hereby find that the claimant is an Arkansas corporation having its principal place of business in Hot Springs, Arkansas, which is located within the Western Judicial District of Arkansas, and that a judicial district of reasonable proximity to the claimant's principal place of business is the Eastern Judicial District of Arkansas, Western Division, at Little Rock, Arkansas; and the court further finds that the motion of claimant is well taken and should be granted, no good cause to the contrary having been shown, under the direction and authority of Section 304(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334 (a)."

In accordance with the order, the papers and record were transmitted to the United States District Court for the Eastern District of Arkansas, Western Division, at Little Rock, Arkansas, and were filed in that court on October 20, 1953. On November 2, 1953, Honorable James T. Gooch, United States Attorney for the Eastern District of Arkansas, as attorney for libelant, and Messrs. Wright, Harrison, Lindsey & Upton, attorneys for claimant, filed a stipulation in which they stipulated, "that this cause be transferred forthwith to the United States District Court, Western

District of Arkansas, Hot Springs Division." On the same date, the court entered an order transferring the case in accordance with the stipulation, and the papers and record were filed herein on November 10, 1953.

 Subsequent to the transfer of the case by the court for the Eastern District of Arkansas, Western Division, upon the stipulation of the parties, the record was examined and this court decided that it was without jurisdiction of the subject matter and, on its own motion, entered an order on November 23, 1953, remanding the case to the United States District Court for the Eastern District of Arkansas, Western Division. It was the duty of the court to remand the case to the Eastern District of Arkansas, Western Division, if convinced that jurisdiction was lacking. 2 Moore's Federal Practice, Second Edition, Page 2330; Rule 12(h), Federal Rules of Civil Procedure, 28 U.S.C.A.; Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95–97; Clark, Director, v. Paul Gray, Inc., 306 U.S. 583–588, 59 S.Ct. 744, 83 L.Ed. 1001; Louisville & N. R. Co. v. Mottley, 211 U.S. 149–152, 29 S.Ct. 42, 53 L.Ed. 126; Millslagle v. Olson, 8 Cir., 130 F.2d 212.

Following the entry of the order remanding the case, the claimant, Mountain Valley Sales Company, filed a motion to vacate and set aside the order on the ground that the order is contrary to law in "that this court properly acquired jurisdiction of this case under Title 21 U.S.C.A. § 334(a), pursuant to the stipulation between the parties executed November 2, 1953, filed in the United States District Court, Eastern District of Arkansas, Western Division, and the order of that court entered November 2, 1953, transferring this cause from said district to this court in accordance with the stipulation and under the authority of said statute."

Thus, the question before the court is whether the court for the Eastern District of Arkansas could, by the order entered upon the stipulation of the parties, transfer the case to this court, after the case had been properly transferred upon motion of claimant from the Western District of Tennessee, the court of original jurisdiction, to the Eastern District of Arkansas, and vest in this court by such order jurisdiction of the subject matter under 21 U.S.C.A. § 334 (a).

 A federal court cannot acquire jurisdiction of the subject matter by consent or waiver. United States v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764.

In Mulligan v. Federal Land Bank of Omaha, 8 Cir., 129 F.2d 438, at page 440 the court said:

"The Supreme Court of the United States has held that lack of jurisdiction in a federal court over the subject matter of the litigation cannot be waived by the parties; and that when the matter is brought to its attention, the district court should decline sua sponte to proceed in the cause. It is further held that 'if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it'. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 831, 80 L.Ed. 1263; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135."

 The learned attorneys for the claimant, in the motion to set aside the order remanding the case, concede that 28 U.S.C.A. § 1404(a) does not apply. It is clear that the section does not apply since the original action could not have been brought in this district because the articles sought to be condemned were not then and are not now within the territorial jurisdiction of this court. Clinton Foods, Inc. v. United States, 4 Cir., 188 F.2d 289; Fettig Canning Co. v. Steckler, 7 Cir., 188 F. 2d 715; United States v. Reid, D.C.E.D. Ark., 104 F.Supp. 260; United States v. 23 Gross Jars, More or Less, of Enca Cream, D.C.N.D.Ohio, 86 F.Supp. 824.

The statute, 21 U.S.C.A. § 334, provides:

"(a) Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale * * * after shipment in interstate commerce, * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States *within the jurisdiction of which the article is found*." (Emphasis added.)

The remainder of 21 U.S.C.A. § 334 (a) prescribes the procedure to be followed in seeking a transfer of the case from the court of original jurisdiction and designates the district to which a case may be transferred by the court of original jurisdiction. The statute provides:

"That no libel for condemnation shall be instituted under this chapter, for any alleged misbranding if there is pending in any court a libel for condemnation proceedings under this chapter based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending, * * *. In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, *on application of the claimant*, seasonably made, *be removed for trial to any district agreed upon by stipulation between the parties*, or, *in case of failure to so stipulate* within a reasonable time, *the claimant may apply to the court of the district in which the seizure has been made, and such court* (after giving the United States attorney for such district reasonable notice and opportunity to be heard) *shall by order, unless good cause to the contrary shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial*." (Emphasis added.)

The record discloses that the case was transferred from the Tennessee Court to the Eastern District of Arkansas upon the motion of the claimant. The order of the Tennessee Court was not based upon a stipulation but was entered after a hearing upon the motion of claimant to transfer the case "to the Eastern District of Arkansas or to some other district which is within reasonable proximity of claimant's principal place of business and is contiguous to the district in which said place of business is located." The order entered by the Tennessee Court was the only order that the statute authorized it to enter upon the record before it. In United States v. 23 Gross Jars, More or Less, of Enca Cream, supra, at page 825 of 86 F. Supp., the court said:

"Since Section 1404(a) does not apply, the special venue section of 21 U.S.C.A. does. This section allows removal in this type action to district courts 'of reasonable proximity to the claimant's principal place of business.' This phrase has been interpreted to exclude the district or division in which claimant's principal place of business is found. U. S. v. 600 Units Containing 'Nue-Ovo', etc., D.C., 60 F.Supp. 144; U. S. v. Six Dozen Bottles More or Less of 'Dr. Peter's Kuriko', D.C., 55 F.Supp. 458; U. S. v. 26 Dozen Bottles etc., of Wheatamin Brand, Cevigards, D.C., 60 F. Supp. 626. As this district is the claimant's principal place of business, it follows that this action has been removed to a district which has not been given authority under Section 334 to try the action."

See, also, United States v. 91 Packages, More or Less, Nutrilite Food Supplement, etc., D.C.N.J., 93 F.Supp. 763.

When the claimant obtained the order transferring the case to the Eastern District of Arkansas and after the transfer had been completed, *it sudden-*

ly, for some unknown reason, decided that it would like to have the case transferred to the Western District of Arkansas, Hot Springs Division, where its principal place of business is located and, accordingly, the United States Attorney for the Eastern District of Arkansas and the attorneys for claimant filed a stipulation in which they stipulated "that this cause may be transferred forthwith to the United States District Court, Western District of Arkansas, Hot Springs Division," and, upon the filing of such stipulation, the court for the Eastern District of Arkansas entered the order transferring the case to the Western District of Arkansas, Hot Springs Division. Now the claimant argues that the second transfer is authorized by the statute hereinbefore set forth and in support of such argument cites the case of United States v. 45⅔ Dozen Packages, More or Less, of U–X Improved Shaving Medium, D.C.S.D.N.Y., 46 F.Supp. 112. The case was decided May 21, 1942, and has not been cited or approved by any other court. The court cited no authority in support of its conclusion that, "nowhere is it provided that by stipulation a proceeding may be transferred only once, and then only to a district where the claimant does not have his principal place of business." The decision is not supported by either the provisions or the legislative history of the statute.

In the instant case, the claimant properly moved the Tennessee Court to transfer the case to the Eastern District of Arkansas for trial, and the case was so transferred. Apparently the claimant is of the opinion that it has the right to transfer the case again any time to any court that it desires, provided the United States Attorney of the particular district agrees to such transfer.

In the case of the United States v. Six Dozen Bottles, More or Less, of "Dr. Peter's Kuriko", D.C.E.D.Wis.1944, 55 F.Supp. 458, Judge Duffy, now Circuit Judge of the Seventh Circuit, in a well-reasoned opinion, held that the power to transfer is exclusively conferred under the act upon the court of original jurisdiction to a district of reasonable proximity to claimant's principal place of business, except upon a stipulation of the parties on the subject. In that case the claimant was an Illinois corporation with its principal place of business at Chicago. The proceeding had been commenced in the United States District Court for the Western District of Washington and, on claimant's motion filed in that court, an order was entered transferring the proceeding to the District Court of the Eastern District of Wisconsin, which was "a district of reasonable proximity to the intervenor's (claimant's) principal place of business." The claimant had moved the District Court in Washington to transfer the case to the United States District Court for the Northern District of Illinois or to a United States District Court within reasonable proximity of Chicago, the principal place of business of the said intervenor. After the case had been removed to the Wisconsin District, the claimant filed another motion to transfer to the District Court in Illinois. The application to so transfer the case was not based upon a stipulation as in the instant case but on a motion.

In support of the motion, the claimant contended that the court had the right to order the second transfer under Section 334(f) (2) of the act, which provides:

"The court to which such case was removed shall have the powers and be subject to the duties, for purposes of such case, which the court from which removal was made would have had, or to which such court would have been subject, if such case had not been removed."

The court, in answer to this contention, at pages 459–460 of 55 F.Supp., said:

"As pointed out, the proceeding was removed, pursuant to the statute, to this court 'for trial' and not for any other purpose. The lan-

guage of the act last quoted is consistent with such limitation and expressly negatives any power in this court to grant further removal on application. A claimant in proceedings of this nature is limited to a single application for removal which must be made to the court of original jurisdiction. My conclusions have complete support in the legislative history of the controlling statutory provisions."

A reference to the statute discloses that the application of a claimant for transfer, whether upon stipulation or motion, must be made "to the court of the district in which the seizure has been made, * * *". The statute authorizes only one application and that must be to the designated court. If agreeable to all parties in a case of alleged misbranding, as in the instant case, the case may be transferred to "any district agreed upon by stipulation between the parties", but if the parties do not so stipulate then the designated court must, if a transfer is allowed, "specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial." The claimant exercised its right to a transfer from the court of original jurisdiction to a court permitted by the statute. In so doing it exhausted the statutory right to transfer and the case cannot be transferred again either on motion or stipulation.

In the case of United States v. 600 Units Containing "Nue-Ovo", etc., D.C. W.D.Mo., 60 F.Supp. 144, Judge Reeves reviewed the legislative history of 21 U.S.C.A. § 334, and approved the holding of Judge Duffy in United States v. Six Dozen Bottles, etc., supra.

In the instant case, the learned attorneys for the claimant, in support of claimant's contention that there are no limits on the number of times that a case may be transferred, call attention to a provision in the official "Digest of the New Federal Food, Drug and Cosmetic Act" issued by the Food and Drug Administration on June 27, 1938, in which it is stated that the law "also authorizes such consolidated cases as well as cases involving seizure of a single interstate shipment for misbranding to be removed for trial to any district agreed upon by stipulation between the government and the shipper or owner of the seized goods."

Of course, the Food and Drug Administration cannot by regulation set aside or modify the provision of the statute and, evidently, what the Administration intended by such regulation was that a case might in the first instance be transferred for trial to any district that might be agreed upon by stipulation between the parties. The Administration did not state in the regulation that a case could be transferred again if it had once been transferred from the court of original jurisdiction to a proper district for trial.

The claimant was fully advised of the provisions of the statute when it filed its motion in the Tennessee Court. The record does not reflect that there was any stipulation concerning the first transfer, but the record does disclose that a hearing was held on the motion of claimant and resulted in the entry of the order transferring the case to the Eastern District of Arkansas. It was not contemplated by the statute and the statute does not provide that the case may be transferred the second time by the claimant merely because it, for some undisclosed reason, desires to transfer the case to another district after obtaining the original order of transfer to an appropriate and authorized district.

If the parties are allowed, by stipulation, to transfer a case a second time, there is no reason why they could not transfer it as many times as they might desire and thus control the jurisdiction of the federal courts by various stipulations.

The court is convinced that the order of transfer of the court of the Eastern District of Arkansas is not the law of the case and it is the duty of this court to remand the case to that court. United States v. Reid, supra, page 266 of

104 F.Supp.; United States v. 23 Gross Jars, More or Less, of Enca Cream, supra, at page 826 of 86 F.Supp.; United States v. 26 Dozen Bottles, etc., of Wheatamin Brand, Cevigards, supra.

Therefore, the motion of claimant to set aside the judgment and order of this court entered on November 23, 1953, which remanded this case to the United States District Court for the Eastern District of Arkansas, Western Division, should be denied and overruled.