UNITED STATES of America,
Libelant,

v.

353 CASES, MORE OR LESS, CONTAINING MOUNTAIN VALLEY MINERAL WATER, et al.,

Mountain Valley Sales Company, a corporation, Claimant.

Civ. No. 2682.

United States District Court
E. D. Arkansas, W. D.

June 16, 1955.

# 334

Osro Cobb, U. S. Atty., Little Rock, Ark., for plaintiff.

Robert F. Schlafly, St. Louis, Mo., Edward L. Wright, Little Rock, Ark., J. F. Schlafly, Jr., Alton, Ill., for defendant.

TRIMBLE, Chief Judge.

On August 19, 1953, the United States filed libel of information in the Western District of Tennessee against certain pamphlets and cases of half-gallon bottles of water, praying seizure and condemnation in accordance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. It was alleged that said bottled water was misbranded within the meaning of said Act and that it was in the unlawful possession of Mountain Valley Distributors (Mountain Valley Water Company).

An attachment was issued and duly served the day the petition was filed. The return of the attachment shows the seizure of a number of cases of bottles of "Mountain Valley Mineral Water", and various pamphlets at 2089 Madison Avenue, Memphis, Tennessee.

On August 26, 1953, the Clerk of the United States District Court caused to be published a notice of the seizure of said articles.

On September 8, 1953, a motion for removal and transfer was filed in the United States District Court for the Western District of Tennessee by the claimant, Mountain Valley Sales Company.

On October 19, 1953, the cause was transferred to the Eastern District of Arkansas, Western Division of the United States District Court.

On November 2, 1953, the United States Attorney, James T. Gooch, for libelant, and Edward L. Wright of the firm of Wright, Harrison, Lindsey and Upton, for claimant, signed and filed a stipulation that the cause might be transferred from this court to the Hot Springs Division of the Western District of Arkansas. On the same date the court entered an order so transferring the cause and on November 19, 1953, the judge of the District Court for the Western District of Arkansas, Hot Springs Division, made an order allowing the libelant until December 5, 1953, in which to answer or otherwise plead.

On November 23, 1953, the United States District Court, presided over by Judge John E. Miller, of its own motion ordered that this case be remanded to the United States District Court for the Eastern District of Arkansas, Western Division.

On December 2, 1953, claimant filed a motion in the Hot Springs Division of the United States District Court to set aside the order made by Judge Miller on November 23rd remanding the case and that motion was overruled by Judge Miller on December 11, 1953. 117 F. Supp. 110.

Pursuant to the order of the Hot Springs Division of the United States District Court of the Western District of Arkansas, the Clerk of that court transferred all files to this court, and on December 21, 1953, claimant filed a motion to dismiss the libel and release the articles and pamphlets.

On December 21, 1953, the claimant filed a motion to dismiss or retransfer this cause and for grounds set up that this court is without jurisdiction because the action was properly transferred from this court to the Western District of Arkansas, Hot Springs Division, by a valid order entered on November 2, 1953, pursuant to stipulation between the parties made under the authority of Section 304(a) of the Federal Food, Drug and Cosmetic Act.

The motion alleges that the order of the District Court for the Western District of Arkansas, Hot Springs Division, entered on November 23, 1953, remanding this cause to this court is void.

On January 11, 1954, libelant responded to the motion to dismiss or retransfer, setting up that the jurisdiction to try this action is vested exclusively in this court; that Section 304(a) of the Federal Food, Drug and Cosmetic Act

provides for only one transfer of an action whether by order of court or by stipulation between the parties and that the transfer of the cause from this court entered on November 2, 1953, was invalid and for that reason the present motion should be denied.

The proper ruling on the motion to dismiss or retransfer depends upon whether or not the order made by this court on November 2, 1953, was valid. If it was valid, this court does not have jurisdiction to proceed further with the case.

It was the view of Judge Miller that when this cause was transferred from the Western District of Tennessee to the Eastern District of Arkansas, the power of the court to transfer was exhausted.

The portion of the statute which controls this matter, 21 U.S.C.A. § 334(a), reads as follows:

"* * * In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

It will be observed that provision is made for two separate methods of transfer of libel for condemnation proceedings. One of these methods is by stipulation between the parties. The other is by application to the court of the district in which the seizure has been made when there is a failure to stipulate.

Under the first method or means of transfer, the district to which the cause may be transferred is not restricted. That is, upon stipulation between the parties, the cause may be removed for trial to any district agreed upon.

In the second method or means of transfer, there is a restriction. The court, acting upon application for transfer, can transfer the cause to a district of reasonable proximity to the claimant's principal place of business.

As stated, the court transferred the cause from the Western District of Tennessee to the Eastern District of Arkansas. Thereafter, upon stipulation of the parties, this court transferred the cause to the Hot Springs Division of the Western District of Arkansas.

One of the cases cited in the opinion rendered by Judge Miller on December 11, 1953, was that of United States v. 23 Gross Jars, More or Less, of Enca Cream, D.C., 86 F.Supp. 824. In that case the action was originally commenced in the Western District of Pennsylvania where the articles were found, and on motion of the claimant the action was transferred to the Eastern Division of the Northern District of Ohio, in which its principal place of business was located. On petition of the Government, the cause was remanded and this action was obviously correct for under the provisions of the statute, the removal had on petition of the claimant in the first instance could not be made to the District in which the claimant had its place of business. Therefore, this case is without weight in deciding the question now before the court.

Another case relied upon was that of United States v. 91 Packages, More or Less, Nutrilife Food Supplement, D.C., 93 F.Supp. 763, which is authority to support the proposition that when libel proceedings under the Federal Food, Drug and Cosmetic Act are pending in two or more jurisdictions, claimant may apply to a court of one jurisdiction for an order consolidating proceedings for trial in one district, and in the absence of good cause to the contrary, the dis-

trict shall be one of reasonable proximity to the claimant's place of business, and in such a case "a district of reasonable proximity to the claimant's principal place of business" excludes the district of claimant's place of business. This case, likewise, is not authority in the instant case, for it did not involve a transfer made upon stipulation of the parties.

The court in the opinion rendered on December 11, 1953, also relied upon the case of United States v. Six Dozen Bottles, More or Less, of "Dr. Peter's Kuriko", D.C., 55 F.Supp. 458, 459, which held that the power to transfer to a district of reasonable proximity to claimant's principal place of business is exclusively conferred upon the court of original jurisdiction, except upon the stipulation of the parties on the subject.

It is true that it was held in the Six Dozen Bottles case, supra, that a claimant in proceedings of this nature is limited to a single application for removal, which must be made to the court of original jurisdiction. However, I am not impressed that this language has any effect whatsoever upon the question involved here, because it was especially pointed out by District Judge Duffy who rendered that decision that this rule applies "in the absence of stipulation between the parties". The court there pointed out that this case, where the right of removal was exhausted, was without the element of removal upon stipulation of the parties. The court quoted from the Six Dozen Bottles case language which would have supported a holding that said section 334(a) does limit the court to which the action had been transferred from further removal "on application", but this, in my opinion, does not warrant the holding that this action exhausted the right to transfer either on application or stipulation.

There is also cited the case of United States v. 600 Units Containing "Nuevo", D.C., 60 F.Supp. 144, which reviewed the history of the legislation leading to the passage of the act here involved,

but I have searched that opinion in vain to find any indication from congressional records that a court to which an original action has been transferred is without authority to transfer the case upon stipulation of the parties as provided in the act. It is true that the opinion of Judge Duffy in the 6 Dozen Bottles case was approved, but as I have shown heretofore, that opinion, by implication at least, supports the view that the transfer made by this court on stipulation of the parties is authorized by the act.

This identical question was passed upon by District Judge Goddard in the case of United States v. 45⅔ Packages, More or Less, of U–X Improved Shaving Medium, D.C., 46 F.Supp. 112.

In that case the suit had been filed in the Western District of Pennsylvania. From the Western District of Pennsylvania it was removed to the District Court of Connecticut. Upon stipulation, the parties transferred the cause from the District of Connecticut to the Southern District of New York.

The United States Attorney for the Southern District of New York moved to transfer the proceeding back to the District Court of Connecticut, taking the position that the Connecticut Court was without power to transfer the case a second time or to transfer the case where the plaintiff has his principal place of business.

Judge Goddard pointed out that the statute provides that such a proceeding as this one may be removed to any district agreed upon by stipulation between the parties.

That is exactly what happened in this case.

It may be true that no case can be found which follows the case involving the Improved Shaving Medium. On the other hand, I find that the authority is equally divided upon the subject, and as I have attempted to point out, the weight of logic and reason is with the holding in the Improved Shaving Medium opinion.

I am fully convinced that the order made by this court on November 2, 1953,

transferring this case to the Hot Springs Division of the Western District of Arkansas was proper and for that reason this court is without jurisdiction to proceed in the matter. However, I feel that I should follow the procedure suggested by Judge Lemley in the case of United States v. Reid, D.C., 104 F.Supp. 260, and defer for sixty days the entrance of an order dismissing the cause in order to enable the libelant, if it so desires, to apply to the Court of Appeals for the Eighth Circuit for a writ of mandamus to require the retention of the case in this court. If no such application is made within the time limit, an order will be made dismissing the cause from which, of course, an appeal may be taken.