UNITED STATES of America,
Petitioner,

v.

UNITED STATES DISTRICT COURT for
the EASTERN DISTRICT of ARKAN-
SAS, WESTERN DIVISION, and Hon-
orable Thomas C. Trimble, Chief Judge,
Respondents.

No. 15407.

United States Court of Appeals
Eighth Circuit.

Oct. 19, 1955.

Frank J. Kiernan, Dept. of Justice, Alexandria, Va., (Warren Olney, III, Asst. Atty. Gen., Osro Cobb, U. S. Atty., Little Rock, Ark., and John T. Grigsby, Dept. of Justice, Washington, D. C., were with him on the brief), appeared for petitioner.

Robert F. Schlafly, St. Louis, Mo. (Edward L. Wright, Little Rock, Ark., and J. F. Schlafly, Jr., Alton, Ill., were with him on the brief), appeared for respondents.

Before WOODROUGH, JOHNSEN and VOGEL, Circuit Judges.

VOGEL, Circuit Judge.

By order of this court dated August 15, 1955, the petitioner, United States of America, was granted leave to file its petition for a writ of mandamus wherein petitioner asked that the respondents herein show cause before this court why a writ of mandamus should not issue requiring the United States District Court for the Eastern District of Arkansas and the Honorable Thomas C. Trimble, Chief Judge of said court, to vacate its order of June 14, 1955, denying jurisdiction in the case of United States of America v. 353 Cases, More or Less, containing Mountain Valley Mineral Water, 135 F.Supp. 333, and retain jurisdiction of such action and dispose of the case in accordance with proper legal procedure.

The facts out of which the matter arose are as follows:

On August 19, 1953, the United States filed libel of information in the Western District of Tennessee against certain merchandise, praying seizure in condemnation in accordance with the Federal Food, Drug and Cosmetic Act, 21 U.S. C.A. § 301 et seq., alleging that the merchandise was misbranded. No stipulation for removal of the case to another district was entered into and upon petition for removal and transfer, the District Court for the Western District of Tennessee transferred the case to the District Court for the Eastern District of Arkansas.

On November 2, 1953, the United States Attorney for the Eastern District of Arkansas, representing the libelant, and the attorney representing the claimant signed and filed a stipulation providing that the case should be transferred from the Eastern District of Arkansas to the Hot Springs Division of the Western District of Arkansas, the principal place of claimant's business. Chief Judge Trimble, respondent, signed an order so transferring the case.

On November 23, 1953, Judge John E. Miller, of the Hot Springs Division of the Western District of Arkansas, on his own motion, ordered that the case be remanded to the United States District Court for the Eastern District of Arkansas. On December 2, 1953, the claimant filed a motion to set aside the remanding order of November 23, 1953. Such motion was overruled by Judge Miller on December 11, 1953. Pursuant to Judge Miller's order, the case was remanded to the Eastern District of Arkansas. In remanding the case, Judge Miller, whose opinion appears in United States v. 353 Cases, More or Less, Mountain Val. Mineral Water, 117 F.Supp. 110, held that his court was without jurisdiction.

On December 21, 1953, the claimant filed a motion in the Eastern District of Arkansas, asking that the case be dismissed or re-transferred to the Western District of Arkansas pursuant to the stipulation referred to herein. Chief Judge

Trimble of that court, in an opinion and order dated June 14, 1955, held that his court was without jurisdiction to proceed in the case and that,

" * * * due to the refusal of the court of the Hot Springs Division of the Western District of Arkansas to accept said transfer, it would not be proper for this court to make a re-transfer of the case, but that an order dismissing the cause should be deferred for a period of sixty days in order to enable libelant, if it so desires, to apply to the Court of Appeals for a writ of mandamus to determine the proper forum for the trial thereof."

We have thus presented a question of jurisdiction as between two District Courts within this Circuit, each holding that it is without power or jurisdiction to proceed with the trial of the case. A stalemate or impasse is created which, in the opinion of this court, justifies the exercise of its power to determine the question of jurisdiction. The order of Chief Judge Trimble is not an appealable order. However, no good could come of, and considerable delay and possibly harm could be caused by, awaiting an order of dismissal from the District Court for the Eastern District of Arkansas, Western Division, and appeal therefrom. Chief Judge Trimble has held that his court does not have jurisdiction. If he is right, then he does not have jurisdiction to dismiss and there would be nothing from which to appeal. It would be improper for this court to allow such a stalemate to continue. The matter should be dealt with now so that the case may be properly tried in the court having jurisdiction thereof. Ex parte Simons, 1917, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094; Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 67 L.R.A. 761; C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410; Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873.

The question presented is difficult. Two able and conscientious District Judges, after exhaustive review and the writing of carefully considered opinions, have arrived at diametrically opposed conclusions, each holding that his court is without jurisdiction. While this situation exists, the case itself hangs in mid-air with nothing being done to bring it to trial and proper conclusion.

The solution of the problem lies in the interpretation given to 21 U.S.C.A. § 334 (a). That section, insofar as it may be pertinent to the problem, provides as follows:

"In any case where the number of libel for condemnation proceedings is limited as above provided *the proceeding pending or instituted shall,* on application of the claimant, seasonably made, *be removed for trial to any district agreed upon by stipulation between the parties,* or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial." (Emphasis supplied.)

In remanding the case to the Eastern District of Arkansas, Judge Miller said, in United States v. 353 Cases, More or Less, Mountain Valley Mineral Water, D.C., 117 F.Supp. 110, 115:

"A reference to the statute discloses that the application of a claimant for transfer, whether upon stipulation or motion, must be made 'to the court of the district in which the seizure has been made, * * *'. The statute authorizes only one application and that must be to the designated court. If agreeable to all parties in a case of alleged misbranding, as in the instant case, the case may be transferred to 'any district agreed upon by stipulation between the parties', but if the parties do not so stipulate then the designated court must, if a transfer is allowed, 'specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial.' The claimant exercised its right to a transfer from the court of original jurisdiction

to a court permitted by the statute. In so doing it exhausted the statutory right to transfer and the case cannot be transferred again either on motion or stipulation.

\* \* \* \* \* \*

"If the parties are allowed, by stipulation, to transfer a case a second time, there is no reason why they could not transfer it as many times as they might desire and thus control the jurisdiction of the federal courts by various stipulations."

 We are unable to agree with Judge Miller in his conclusions. In dealing with the application for transfer based on stipulation, the statute refers to a case "pending *or* instituted", from which it is fair to assume Congress meant some court in addition to that wherein the case was "instituted"; in other words, to a court where it might be "pending" as distinguished from where it was "instituted". Such an interpretation presupposes the possibility of at least one transfer to get from the court where the case was "instituted" to where it was "pending".

The statute does not limit the number of applications to one. It is, in fact, silent on that question and it is only by inference, as above, that the thought of more than one application is arrived at. Granted that the matter is not free from doubt, we prefer the more liberal view and do not believe the parties were bound by or limited to one application and only one where a stipulation has been entered into between them.

In passing the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., Congress recognized that extreme hardship might result to claimants whose property had been seized in distant jurisdictions. A manufacturer with its principal place of business in California might have property seized in Maine. The difficulties of properly defending the libel action in the district where the property was seized, such as in the production of documents or other exhibits, the availability of witnesses and the readiness of other information, together with the expense, might make it impossible for a claimant to obtain justice. Congress accordingly provided, in 21 U.S.C.A. § 334(a), that the proceeding "pending or instituted" could be removed for trial "to any district agreed upon by stipulation between the parties". In the event of failure to so stipulate, Congress provided that the claimant "may apply to the court of the district in which the seizure has been made, and such court shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business".

In the instant case, the parties apparently were at first unable to agree upon a place for trial and accordingly it became necessary for the claimant to make application to the court of original jurisdiction for transfer. That transfer or removal could not be to the district of the claimant's principal place of business but only to "a district of reasonable proximity" thereto. It will be noted that the statute involved, in referring to claimant's petition for removal, specifically provides that such application shall be "to the court of the district in which the seizure has been made". As already pointed out, no such restriction is found where the parties have agreed by stipulation upon the place of trial. Such application, based on stipulation, may be made to any court where the case is pending. Nowhere in the statute will be found any provision to the effect that a claimant has exhausted its statutory right to transfer by stipulation through having made application to the court of original jurisdiction for removal and we cannot accept such constrained view of the statute.

In the case of United States v. 45⅔ Dozen Packages, More or Less, of U-X Improved Shaving Medium, D.C., 46 F. Supp. 112, the court, under identical facts such as we are concerned with here, said, at page 112:

"Claimant contends that the order transferring the case to this court had been consented to by the United States

Attorney for the District of Connecticut, and, accordingly, such transfer was permissible under the statute. I agree with this contention. The statute specifically provides that a proceeding 'pending or instituted' shall on application of the claimant be removed to any district agreed upon by stipulation between the parties. The consent of the United States Attorney for the District of Connecticut was in effect a stipulation. Nowhere is it provided that by stipulation a proceeding may be transferred only once, and then only to a district where the claimant does not have his principal place of business."

In United States v. Six Dozen Bottles, More or Less, of "Dr. Peter's Kuriko", D.C.E.D.Wis.1944, 55 F.Supp. 458, 459, the court denied a second request by claimant for a compulsory removal. In the opinion, Judge Duffy, now Judge of the United States Court of Appeals, 7th Circuit, said:

"The power of removal is exclusively conferred under the act upon the court of original jurisdiction, *barring of course the existence of a stipulation of the parties on the subject. As the latter element does not obtain in the instant situation, this court has no power to grant the requested removal.* In other words, the right to removal is completely exhausted and no longer exists in this proceeding." (Emphasis supplied.)

There would seem to be there inferred that if a stipulation had existed in that instance the court would have had the right to enter an order removing the case to the district provided for in such stipulation. To hold that the parties could not stipulate for a place of trial agreeable to both because the claimant had once made application to the court of original jurisdiction for removal would seem to us unduly restricting the parties and to defeat the intent of Congress to the effect that the case could be tried in any district agreeable to the parties as expressed by stipulation. We do not believe that Congress intended any limitation which it did not express.

■ Argument has been made to the effect that this view or interpretation of the statute might result in continuous transfer from one district to another, possibly through unwillingness on the part of United States Attorneys to try the case and to shift the burden elsewhere. We find no force to that argument. The United States Attorneys in the various districts are under the control of the Attorney General. The remedy for any such difficulty, should it arise, rests in his hands and can be easily exercised. We think the Congress intended that the parties should be allowed to stipulate trial in "any district agreed upon" and that such right is a salutary one and that its exercise in many instances may operate in the interests of justice.

In the instant case, it may well be that due to unfamiliarity with the problems involved the parties at first could not agree upon a place of trial. Subsequent to the original removal to the Eastern District of Arkansas, Western Division, the parties did agree that the case could best be tried in the home district of the claimant. This is consistent with the general idea that a party has a right to be tried in his home district unless such place of trial would otherwise appear improper.

We hold that under the statute the parties had the right to stipulate a removal of the case from the Eastern District of Arkansas to the home district of the claimant and that the Western District of Arkansas, Hot Springs Division, has jurisdiction of the case. Accordingly, the writ of mandamus will be denied and it is ordered that the files in the case of United States of America v. 353 Cases, More or Less, each containing 6 one-half gallon bottles, and 81 five-gallon carboys, more or less, of an article of food and drug labeled in part: "Mountain Valley Mineral Water", et al., Mountain Valley Sales Company, Civil No. 2682, be transferred from the Eastern District of Arkansas, Western Division, to the Western District of Arkansas, Hot Springs Division, in order that that court may be in a position to proceed with the case.