**UNITED STATES of America**
v.
**84 CARTONS, MORE OR LESS, OF AN ARTICLE OF DRUG LABELED IN PART: "FEMICIN A NEW SCIENTIFIC COMPOUND," Etc.**
Parties in interest:
Thayer Laboratories, Inc., et al.,
Consignor.
Civ. No. 35559.

United States District Court
N. D. Ohio, E. D.
Sept. 1, 1960.

George W. Morrison, Asst. U. S. Atty., Cleveland, Ohio, for the United States.

Fred H. Mandel, Cleveland, Ohio, Bernstein & Kleinfeld, Washington, D. C., for claimant.

KALBFLEISCH, District Judge.

This is an action in rem involving the alleged misbranding of an article called "Femicin." The libel alleges that the article was misbranded when introduced into and while in interstate commerce, within the meaning of 21 U.S.C.A. § 352 (a) and 352(f) (1) and (2). The drug was seized in this district under authority of the Food and Drug Act, 21 U.S.C.A. § 301 et seq.

The manufacturer and claimant herein, Thayer Laboratories, has its main offices located in the Southern District of New York in the Borough of Manhattan. Pursuant to 21 U.S.C.A. § 334(a), claimant has filed a motion for an order removing this cause to the Eastern District of New York for trial. The motion is couched in language as follows:

> "Pursuant to 21 U.S.C. [§]. 334 (a), claimant, by and through its attorneys, moves the Court for an order removing this case for trial to the United States District Court for the Eastern District of New York, a district of reasonable proximity to the claimant's principal place of business in the Southern District of New York."

The portion of the above statute applicable here provides as follows:

> "In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

The parties have at all times been unable to agree and stipulate as to a place for trial and, accordingly, the claimant filed its motion for removal. The Government opposes removal to the district specified in claimant's motion, suggesting instead that the case be transferred to the United States District Court of New Jersey, at Newark. It is conceded by the parties that under the statute, sans **a**

stipulation, the claimant has no right to removal of the case to the district of its principal place of business. The Government concedes that claimant has a right to removal to a district of "reasonable proximity to the claimant's principal place of business."

The issue here arises from claimant's contention that it has the right to removal "to a district specified in its motion" so long as that specified district is of reasonable proximity to but not in the district of its principal place of business. In support of this contention the claimant relies upon the legislative history of the statute. This contention was so vigorously urged in the claimant's brief that the Court yielded to a request for an oral hearing. At the conclusion of the oral hearing it was resolved that the statute is so clear and unambiguous that recourse to the legislative history is unnecessary. Upon direct inquiry by the Court at the oral hearing, claimant's counsel declared that its motion was intended to invoke the provisions of Section 334(a), supra.

There is nothing in the statute which suggests that claimant has the right to choose the judicial district, of reasonable proximity to the claimant's principal place of business, to which a seizure case shall be removed for trial. At this point it is important to note that the Government at no time opposed the removal of this cause from this district. However, the Government opposes the removal to the district specified in claimant's motion and suggests the case be removed to the District of New Jersey, at Newark.

The statute clearly provides that upon motion of a claimant, the Court, not the parties, shall specify the district of reasonable proximity to claimant's place of business. Under the Act, the power of removal is exclusively conferred upon this Court, barring, of course, the existence of a stipulation of the parties on the subject. United States v. United States District Court for Eastern District of Arkansas et al., 8 Cir., 226 F.2d 238.

Having declared that this motion is in compliance with Section 334(a), supra, and that its purpose is to invoke the provisions of such section, the claimant would limit the Court, in dealing with and disposing of the motion, to the claimant's choice or selection. I cannot agree with the interpretation and contention of the claimant. The character of a motion *is determined by the facts stated and the relief authorized to be granted.*

Therefore, the Court will order that this case shall be removed for trial to the United States District Court for the District of New Jersey, at Newark, New Jersey.